UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SUA,<br><br>Petitioner,<br><br>v.<br><br>P. HORN, Warden, et al.,<br><br>Respondents. | Case No.: 26cv1294-RSH (MMP)<br><br>**ORDER:**<br><br>**(1) SUMMARILY DISMISSING SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION; AND**<br><br>**(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On February 23, 2026, Petitioner Michael Sua ("Petitioner"), a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a May 27, 2004 San Diego Superior Court judgment of conviction in case number SCE227747, along with a request to proceed in forma pauperis ("IFP"). ECF Nos. 1, 2. On March 2, 2026, the Court denied Petitioner's request to proceed IFP and dismissed the Petition without prejudice on various grounds. ECF No. 2. Following an extension of time, Petitioner has now paid the filing fee and filed a First Amended Petition. ECF Nos. 5, 6.

## I.   THE GATEKEEPER PROVISION BARS PETITIONER'S CHALLENGE TO THE JUDGMENT IN CASE NO. SCE227747

This is not the first petition for a writ of habeas corpus Petitioner has filed in this Court challenging his 2004 San Diego County Superior Court judgment of conviction in case number SCE227747.

On July 23, 2007, Petitioner filed in this Court a petition for a writ of habeas corpus challenging this same 2004 judgment of conviction in case number SCE227747, of which the Court takes judicial notice. *See* ECF No. 1 in *Sua v. Cate, et al.*, S.D. Cal. Case No. 07cv1338-JM (BLM); *see United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases.") On November 15, 2010, the Court denied that petition on the merits with prejudice, and the denial was affirmed on appeal. *See* ECF Nos. 50, 54 in S.D. Cal. Case No. 07cv1338-JM (BLM).  In the instant petition, Petitioner again indicates he seeks to challenge the same 2004 judgment of conviction. ECF No. 6 at 19.

"The Antiterrorism and Effective Death Penalty Act ('AEDPA') implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2)." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). "Under that provision, a successive application is permissible only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." *Id.* (citing 28 U.S.C. § 2244(b)(2)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Id.* (citing 28 U.S.C. § 2244(b)(3)).

Here, Petitioner acknowledges that this is not his first federal petition for a writ of habeas corpus challenging that judgment of conviction. *See* ECF No. 6 at 27; *see Burton v. Stewart*, 549 U.S. 147, 153 (2007) (a petition is "second or successive" where the petitioner challenges "the same custody imposed by the same judgment of a state court" as in a prior petition). Even were Petitioner able to demonstrate that his petition falls within the

statutory provisions allowing for permission to file a second or successive habeas petition, *see* 28 U.S.C. § 2244(b)(2)(A)-(B), Petitioner must still first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this District. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A)"); *see also Morales v. Sherman*, 949 F.3d 474, 476 (9th Cir. 2020) (per curiam) (recognizing that 28 U.S.C. § 2244(b)(3)(A) is "a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals").

In the section of the Petition form in which Petitioner acknowledges he previously challenged this conviction in S.D. Cal. Case No. 07cv1338-JM (BLM), Petitioner has left blank the question whether he has obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition (*see* ECF No. 6 at 27), and the Court's review of the Ninth Circuit's electronic docket similarly fails to reflect that Petitioner has obtained such permission from the Ninth Circuit. Accordingly, this Court lacks jurisdiction to consider the instant federal Petition.

## II.    CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," and is warranted "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)(A) and (c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

26cv1294-RSH (MMP)

In the instant case, because Petitioner previously filed a petition challenging his 2004 San Diego County judgment of conviction which was denied on the merits, and there is no indication Petitioner has received permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court is not persuaded that Petitioner has shown "jurists of reason would find it debatable whether the district court was correct" in dismissing the instant petition for lack of authorization. *See* 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2253(c); *Burton*, 549 U.S. at 153; *Slack*, 529 U.S. at 484. Accordingly, the Court declines to issue a COA.

## III. CONCLUSION

Because there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a second or successive petition challenging his 2004 judgment of conviction in San Diego Superior Court case number SCE227747, this Court cannot consider the Petition. Accordingly, the Court **DISMISSES** this habeas action without prejudice to Petitioner filing a petition in this Court challenging that judgment of conviction if he obtains the necessary order from the Ninth Circuit Court of Appeals. The Court **DECLINES** to issue a COA. The Clerk of Court is directed to send Petitioner a blank Ninth Circuit Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: June 24, 2026

Robert S Huie
_____
Hon. Robert S. Huie
United States District Judge